1  MICHELLE A. CHILDERS (SBN #197064)
   michelle.childers@dbr.com
2  NATHAN D. CARDOZO (SBN #259097)
   nathan.cardozo@dbr.com
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
4  San Francisco, CA  94105-2235
   Telephone:    (415) 591-7500
5  Facsimile:    (415) 591-7510

6  Attorneys for Defendants
   ETHICON, INC. (on its own behalf and behalf of its
7  Division, ETHICON WOMEN'S HEALTH &
   UROLOGY, and erroneously sued as GYNECARE,
8  INC.); and JOHNSON & JOHNSON

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13

14  GINA LAFORGE, an individual,          Case No. 4:11-CV-00698-CW

15              Plaintiff,                JOINT STIPULATION AND [PROPOSED]
                                          ORDER RE DISMISSAL OF PLAINTIFF'S
16        v.                              COMPLAINT WITHOUT PREJUDICE

17  GYNECARE, INC., a California          Judge:        Hon. Claudia Wilken
    corporation; ETHICON, INC., a New
18  Jersey corporation; JOHNSON &         Complaint Filed:  October 20, 2010
    JOHNSON, a New Jersey corporation; and **Trial Date:      Not set**
19  DOE MANUFACTURES ONE through
    ONE HUNDRED,
20
                Defendants.
21

22        WHEREAS, counsel for Plaintiff Gina LaForge has requested that counsel for Defendants

23  Ethicon, Inc. and Johnson & Johnson enter into negotiations regarding the response of Defendants

24  to an anticipated motion of Plaintiff to dismiss the above-captioned litigation pursuant to Federal

25  Rule of Civil Procedure 41(a)(2) without prejudice for the purpose of re-filing the above-

26  captioned action in the state courts of New Jersey; and

27        WHEREAS, counsel for Plaintiff also represents eleven (11) other Plaintiffs who have 11

28  similar lawsuits that are pending against Defendants Ethicon, Inc. and Johnson & Johnson in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STIPULATION & [PROPOSED] ORDER RE
DISMISSAL OF PLAINTIFF'S COMPLAINT          CASE NO. 4:11-CV-00698-CW
SF01/ 782412.1

1   Federal or State court of six different States, viz., the States of California, Indiana, Maryland,

2   Missouri, New Mexico, and Washington, with 10 of those suits pending in federal district court;

3   and

4          WHEREAS, counsel for Plaintiff has indicated that said counsel would file similar

5   motions to dismiss without prejudice in ten (10) pending federal district court actions all for the

6   purpose of re-filing each one of those actions in the state courts of New Jersey; and

7          WHEREAS, counsel for Plaintiff has requested that counsel for Defendants consider a

8   global resolution of how the Plaintiffs and Defendants may reach a mutual stipulation and

9   agreement regarding the dismissal without prejudice of all eleven (11) lawsuits, thereby

10  facilitating the dismissal of those actions and conserving the resources of the Federal judicial

11  system; and

12         WHEREAS, the "primary purpose of Rule 41(a)(2) is to protect the interests of the

13  defendant, although the court should weigh the equities and do justice to all the parties in the

14  case" and therefore, a "dismissal without prejudice should be denied when the defendant will

15  suffer 'plain legal prejudice' but should normally be granted in the absence of such prejudice,"

16  *see* 8 Moore's Federal Practice ¶ 41.40[5][a], at p. 41-141 (3d ed. 2010); and

17         WHEREAS, counsel for Defendants have indicated the willingness of Defendants to enter

18  into negotiations that would result in the dismissal without prejudice of the foregoing eleven (11)

19  lawsuits so long as the relative legal positions that exist between the parties in each of the eleven

20  (11) lawsuits will not be prejudiced either now upon dismissal or when counsel for the eleven

21  (11) Plaintiffs re-file their current lawsuits in any subsequent judicial forum; and

22         WHEREAS, Plaintiffs have agreed that the legal status quo that now exists between the

23  parties in their separate pending lawsuits should be preserved and maintained in any future

24  proceeding that is re-filed by any Plaintiff against Defendants; and

25         Plaintiff Gina LaForge and Defendants Ethicon, Inc. and Johnson & Johnson therefore

26  mutually STIPULATE and AGREE to the conditional dismissal of Plaintiff's Complaint without

27  prejudice, and in accordance with the terms of their MUTUAL AGREEMENT and

28  STIPULATION, the Court, pursuant to Federal Rule Civil Procedure 41(a)(2), hereby finds and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STIPULATION & [PROPOSED] ORDER RE
DISMISSAL OF PLAINTIFF'S COMPLAINT          - 2 -          CASE NO. 4:11-CV-00698-CW
SF01/ 782412.1

ORDERS as follows:

1.      The Complaint of Plaintiff is hereby conditionally dismissed without prejudice subject to (a) Plaintiff agreeing and stipulating that the conditions set forth in this paragraph and paragraphs 2-12 below shall be imposed in any and all lawsuits that Plaintiff subsequently files against Defendants or either of them ("Defendants") in any state or federal court located in any state, territory, or possession of the United States of America or in any court in the District of Columbia related to the subject matter of Plaintiff's Complaint filed in the case sub judice ("Plaintiff's subsequent lawsuit") and (b) that the parties' compliance with the terms of the settlement contract shall be one of the material terms of their contract and this order.

2.      The time of filing Plaintiff's subsequent lawsuit shall be deemed to be the time of filing Plaintiff's original action against Defendants for purposes of calculating the limitations period that applies to Plaintiff's claims, rather than the actual date when Plaintiffs file their subsequent litigation in New Jersey.  Any statute of limitations, prescription, or repose that applies to Plaintiff's Complaint filed in the case sub judice, if shorter in duration than any other statute of limitations, prescription, or repose that may apply in Plaintiff's subsequent lawsuit, shall apply in Plaintiff's subsequent lawsuit in lieu of any other statute of limitations, prescription, or repose.

3.      Any state statute that places a cap, ratio, or other limitation upon the amount of non-economic damages or the amount of punitive damages that may be recovered by Plaintiff and applies to Plaintiff's Complaint filed in the case sub judice, if lower than the amount of the caps, ratios, or other limitations contained in any such state statute, if any, that may apply in Plaintiff's subsequent lawsuit, shall apply in Plaintiff's subsequent lawsuit in lieu of any other such state statute.

4.      Plaintiff(s) shall not file Plaintiff's subsequent lawsuit without first producing to counsel for Defendants copies of medical records and hospital records of Plaintiff which allegedly show that Plaintiff was allegedly implanted with one or more medical devices manufactured by Defendant Ethicon, Inc., including the physician's notes of each one of Plaintiff's implanting surgeons and treaters whom Plaintiffs consulted about the conditions leading to Plaintiff's

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STIPULATION & [PROPOSED] ORDER RE
DISMISSAL OF PLAINTIFF'S COMPLAINT            - 3 -            CASE NO. 4:11-CV-00698-CW
SF01/ 782412.1

1    surgery(ies).

2         5.       The Order of the United States District Court for the Northern District of

3    California which severed the parties to the original action in which Plaintiff was a party and

4    transferred the Plaintiff's claims to this District Court ("Order to sever and transfer"), Order

5    Granting Defendants' Motion to Sever Under Rule 21 and Transfer Under 28 U.S.C. § 1406(a) or,

6    in the Alternative, 28 U.S.C. § 1404(a), (Apr. 6, 2011), was an appealable order to the United

7    States Court of Appeal for the Ninth Circuit under 28 U.S.C. § 1291. *See Coughlin v. Rogers*,

8    130 F.3d 1348, 1349 (9th Cir. 1997). Because the time within which Plaintiff may take an appeal

9    from the Order to sever and transfer has run, *see* Fed. R. App. Pro. 4(a)(1)(A), the Order to sever

10   and transfer is now final and is res judicata between Plaintiff and Defendants as to those issues

11   decided by said Order to sever and transfer. Accordingly, the final Order to sever and transfer

12   will not be treated as a nullity and will not be vacated by this District Court as a result of its

13   conditional dismissal of this action, *see National R.R. Passenger Corp. v. International Ass'n of*

14   *Machinists & Aerospace Workers,* 915 F.2d 43, 48 (1st Cir. 1990), and the Order to sever and

15   transfer is entitled to be given *stare decisis* effect in any forum.

16        6.       Upon being served with a summons and complaint and when answering or

17   otherwise responding in the manner required by law in Plaintiff's subsequent lawsuit, Defendant

18   may also assert and allege any other defenses that are available under the laws of the forum State

19   in which Plaintiff's subsequent lawsuit is filed.

20        7.       The parties agree that it would be difficult to calculate actual damages, beyond

21   recovery of costs and attorneys' fees, arising from a material breach of this Agreement. As such,

22   the parties agree that in the event either party breaches this Agreement, which governs the

23   disposition and dismissal of eleven (11) lawsuits, the breaching party shall be subject to one, but

24   only one, legal action for said breach and shall pay to the non-breaching party the sum of $15,000

25   as liquidated damages. The parties agree that this amount constitutes a reasonable estimate of

26   damages and that this amount does not constitute and should not be construed as a penalty.

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STIPULATION & [PROPOSED] ORDER RE
DISMISSAL OF PLAINTIFF'S COMPLAINT          - 4 -          CASE NO. 4:11-CV-00698-CW
SF01/ 782412.1

1       The failure of Plaintiff or her counsel to adhere to any of the preceding conditions is a

2   material breach of her MUTUAL AGREEMENT AND STIPULATION with Defendants.

3   Dated: September 9, 2011                DRINKER BIDDLE & REATH LLP

4

5                                   By:  /s/ Michelle A. Childers

6                                     Michelle A. Childers

7                                 Attorneys for Defendants
                              ETHICON, INC. (on its own behalf and behalf

8                                 of its Division, ETHICON WOMEN'S
                              HEALTH & UROLOGY, and erroneously

9                                 sued as GYNECARE, INC.); and JOHNSON
                              & JOHNSON

10

11   Dated: September 9, 2011                GIRARDI | KEESE

12

13                                     By:  /s/ Amanda Kent

14                                     Amanda Kent

15                                 Attorneys for Plaintiff

16                                 GINA LaFORGE

17                                  **ORDER**

18

19       **PURSUANT TO THE FOREGOING MUTUAL AGREEMENT AND**

20   **STIPULATION, IT IS SO ORDERED**, this the __12th__ of September, 2011.

21                               BY THE COURT

22

23                              By: _____

24                               Honorable Claudia Wilken
                            United States District Judge

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STIPULATION & [PROPOSED] ORDER RE
DISMISSAL OF PLAINTIFF'S COMPLAINT   - 5 -   CASE NO. 4:11-CV-00698-CW
SF01/ 782412.1